Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 4796 | **DATE** | 9/17/2010 |
| **CASE TITLE** | Thomas Fairley vs. United States of America et al | | |

**DOCKET ENTRY TEXT**

The United States' Motion for Summary Judgment is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Thomas Fairley ("Fairley") filed suit on August 5, 2009 against Defendants, the United States of America, Officer Donald DePaul, Unknown Prison Officials/Employees and Unknown Medical Treaters, under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 ("FTCA"), Section 1983, and the Eighth Amendment to the Untied States Constitution. Fairley alleges eight counts that arose from an altercation with Officer DePaul at the Metropolitan Correctional Center ("MCC") in Chicago: (I) assault; (II) battery; (III) intentional infliction of emotional distress; (IV) assault and battery; (V) negligent hiring; (VI) negligent retention; (VII) cruel and unusual punishment; and (VIII) inadequate medical care. Of these, counts IV-VIII are brought against the United States. The United States moves for summary judgment against these counts because Fairley failed to exhaust his administrative remedies. For the following reasons the Motion for Summary Judgment is granted.

Summary judgment is proper if "the pleadings . . . and admissions on file, together with affidavits . . . show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). While all of the evidence is viewed in the light most favorable to the nonmovant, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001) ("The primary purpose of summary judgment is to isolate and dispose of factually unsupported claims."). Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file a concise response containing any additional facts that require denial of summary judgment. L.R. 56.1(b).

At issue in this case is an incident that allegedly took place at MCC between Fairley and Officer DePaul on August 7, 2007. Fairley claims Officer DePaul, without provocation, choked him and threw him to the floor, causing Fairley great physical and emotional pain. The United States claims Fairley failed to exhaust his administrative remedies by not waiting for a final agency decision before initiating this case, in violation of the

## STATEMENT

FTCA.

The text of the FTCA requires the claimant to first present the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). The failure of an agency to make a final disposition within six months shall be deemed a final denial. *Id*. The United States' Motion for Summary Judgment alleges that Fairley has failed to exhaust his administrative remedies before initiating the instant case. The Motion for Summary Judgment includes a Memorandum and a Rule 56.1(a)(3) Statement of Material Facts. These facts include a declaration by Jennifer Knepper, the Attorney Advisor to the MCC and copies of two letters from The Federal Bureau of Prisons ("BOP") Regional Counsel. Ms. Knepper states that she is familiar with the filing of administrative tort claims at the MCC. After a search of the MCC database and hard files, Ms. Knepper was able to locate two administrative tort claims filed by Fairley or his attorneys—the first was dated August 4, 2009 and the second August 6, 2009. According to Ms. Knepper, these are the only administrative tort claims filed by Fairley or on his behalf in the system, which dates back to 2005. Neither claim had reached a final disposition when Fairley filed his initial complaint in this Court on August 5, 2009. According to the Untied States, the earliest Fairley could initiate a suit in district court is six months after these claims—January 31, 2010 and February 2, 2010.

Fairley responds with a Memorandum, an Affidavit dated February 9, 2010, a copy of a letter dated November 19, 2007 that he wrote to the Associate Warden of MCC, and a sworn Affidavit made to a Special Investigative Agent of the BOP dated January 21, 2009. Fairley argues that he filed an "administrative claim"[1] on November 19, 2007 and on January 1, 2009 and that the November filing date allowed him to exhaust his administrative remedy and bring this suit in August 2009. Fairley claims the disputed dates create a question of material fact that precludes summary judgment. However a party cannot defeat summary judgment by relying on unsubstantiated facts. *See Albiero*, 246 F.3d 933 (self-serving statements contained in an affidavit will not defeat a motion for summary judgment when those statements are "without factual support in the record"). Here, Fairley's claim that he filed an "administrative claim" on November 19, 2007 is not only unsubstantiated, but called into question by his own affidavit.

Fairley's "administrative claim," of which he has no evidence, bears the same date as the letter he wrote to the Associate Warden of MCC.[2] Moreover, Fairley's own affidavit states that he sent a letter to the Associate Warden on November 19, 2007 and that "[a]t no time, did any prison official or prison employee provide me with a formal Administrative Claim form." Fairley's alleged January 1, 2009 claim appears to be a reference to his January 21, 2009 Affidavit to a Special Investigative Agent of the BOP. In his Response, Fairley claims that this BOP Affidavit provided notice to the United States of his administrative claim. However neither Fairley's letter to the Associate Warden nor his Affidavit to the BOP qualify as a "claim" under the FTCA because neither requests money damages. *See* 28 C.F.R. § 14.2(a) (a claim is presented when an agency receives an executed Standard Form 95 "or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury"); *Antonelli v. Sherrow*, 246 Fed. App'x 381, 385 (7th Cir. 2007) (letters that do not request money damages do not qualify as claims under FTCA).

Fairley has provided no factual evidence that he filed an administrative claim prior to August 4, 2009. Indeed the evidence that Fairley has provided tends to contradict his claim that he filed one on November 19, 2007, as that "claim" appears to be a letter to the Associate Warden. This letter does not qualify as a claim pursuant to the FTCA because it does not request money damages. Therefore, Fairley must wait until the BOP reaches a final disposition or until January 31, 2010 to initiate his suit against the Untied States in this Court. The "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Because Fairley failed to heed that clear statutory command, the United States' Motion for Summary Judgment is granted.

1. Quotation marks are Fairley's own in his Response to the United States' Motion for Summary Judgment.  However Fairley did not put the words "administrative claim" in quotation marks in his First Amended Complaint.  Moreover Fairley's First Amended Complaint only mentions one administrative claim, dated November 19, 2007.  (Compl. ¶ 8.)

2. Fairley concedes that his "administrative claim" may not have provided the government sufficient notice, in which case he seeks leave to amend his complaint.  The United States correctly notes, in its Reply to Plaintiff's Memorandum, that once outside evidence has been considered by the Court, a motion to dismiss is, with very few exceptions, inappropriate.